UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARY GROVE,

Plaintiff,

v.

MERCK & COMPANY, INC.; and MCKESSON CORPORATION,

Defendants.

NO. CIV. S-06-1941 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO STAY

----oo0oo----

Plaintiff Mary Grove brought this action in the Superior Court in and for the County of Los Angeles for damages related to a stroke allegedly caused by the drug Vioxx. The action was removed to this court on August 29, 2006. Defendant Merck moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.[1]

I. Factual and Procedural Background

Defendant Merck is a pharmaceutical company

[1] In a motion set for oral argument on October 30, 2006, plaintiff seeks a remand to state court and attorneys' fees incurred in connection with that motion.

incorporated and having its principal place of business in New Jersey. Prior to September, 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug ("NSAID") used to treat arthritis and acute pain. However, on September 30, 2004, Merck voluntarily withdrew Vioxx from the market in light of evidence that patients taking the drug experienced cardiovascular complications.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 138 federal cases involving Vioxx, including cases against Merck, and transferred them to the Eastern District of Louisiana. See MDL Panel Docket Nos. 1657 and 1699, CTO-44 and CTO-18 (Mar. 23, 2006). At that time, 3,256 additional Vioxx cases had been transferred there. Id. That litigation is currently pending before Judge Eldon E. Fallon.

Plaintiff's suit is, however, complicated by plaintiff's inclusion of a second defendant. In addition to Merck, the manufacturer defendant, plaintiff is suing the McKesson Corporation, a California corporation allegedly serving as primary distributor of pharmaceuticals in the state. (Pl.'s Opp'n to Def.'s Mot. to Stay 1.) Plaintiff, also a citizen of California, contends that McKesson's involvement in this suit rendered Merck's removal of this action improper.

However, defendant moves to stay this action in light of an expected decision by the MDL court to transfer this matter.[2]

---

[2] Defendant Merck has submitted a "tag-along letter" notifying the panel of this action on September 5, 2005. (Def.'s Mot. to Stay 4.) The MDL Panel has issued conditional transfer

Merck argues that after the transfer is complete, the MDL court will be in the best position to provide a uniform answer to the question presented here: whether McKesson was fraudulently joined for the purpose of defeating diversity jurisdiction. See Carole Bosch Decl. Ex. A (Oct. 27, 2005 MDL Minute Entry 6) ("Several remand motions have been filed with the Court. The Court will deal with these motions as a group in accordance with procedures to be established in the future.").

II. Discussion

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Moreover, a stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings. Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

On January 25, 2006, this court issued a stay in Leeson v. Merck & Co., slip op., No. 05-2240 (E.D. Cal. Jan. 25, 2006). That case, which also involved a plaintiff's motion to remand and the defendants' motion to stay, is in many respects identical to the instant matter. Significantly, the parties in Leeson also disputed whether defendant McKesson had been fraudulently joined,

---

orders transferring actions to the panel based on the information in the tag-along letters. (Id.) Defendant Merck anticipates that the panel will list this case on a conditional transfer order within a few weeks of receiving the tag-along letter. (Id.)

an issue which will determine whether plaintiff's case against defendant Merck will proceed in federal or state court. Plaintiff has not attempted to distinguish this court's order in Leeson. Consequently, for the reasons stated in that order, the court will also stay this case.[3]

IT IS THEREFORE ORDERED that defendants' motion to stay be, and the same hereby is, GRANTED.

DATED: October 12, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

[3] See also Welch v. Merck & Co., Inc., No. S-05-2267, slip op. at 4 (E.D. Cal. Feb. 3, 2006) (documenting "a recent trend in this court to stay the Vioxx products liability cases against Merck" pending transfer to the MDL court).